IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL HERNANDEZ OJEDA, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-7628 |
| | : | |
| JAMISON, J.L., *et al.* | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez** **October 14, 2026**

Petitioner Miguel Hernandez Ojeda brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security (DHS). He argues his current detention violates his right to due process under the Fifth Amendment because Immigration and Customs Enforcement (ICE) officials did not make an individualized custody determination. Additionally, he argues his warrantless arrest violates the INA and violates the regulations set out in 8 C.F.R. § 236. The Government asserts Mr. Hernandez Ojeda is lawfully detained pursuant to 8 U.S.C. § 1226(a) in accordance with the Third Circuit's ruling in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug 28, 2026). Additionally, the Government argues Mr. Hernandez Ojeda was arrested without a warrant pursuant to U.S.C. § 1357(a)(2), and that his claims are not cognizable in habeas.

The Government seeks to relitigate issues this Court previously decided in *Dos Reis v. McShane*, No. 26-3775, 2026 WL 1746649 (E.D. Pa. June 17, 2026). Because this Court has already determined § 1226(a) requires an individualized custody determination, and because there is no indication ICE did so here, the Court will grant his petition. Additionally, the Court agrees with Petitioner that a warrant was required before ICE could arrest him under Section 1226(a) of the INA. Because ICE officials lacked probable cause to arrest Mr. Hernandez Ojeda without a

warrant, arrest was not authorized under Section 1357(a)(2) either, and this Court may also grant relief on that ground. Accordingly, this Court will order Mr. Hernandez Ojeda's immediate release.

**BACKGROUND**

Mr. Hernandez Ojeda has resided in Norristown, Pennsylvania since 2009. Pet. ¶ 18, ECF No. 1. He has four minor children, all of whom are United States citizens. *Id.* Prior to the arrest that led to this petition, has had no previous interactions with immigration enforcement, and he has no criminal history in the United States or otherwise. *Id.* ¶ 19; Gov't's Ex. D, ECF No. 4-4.

On October 1, 2026, Mr. Hernandez Ojeda was at the garage where he works as a mechanic when four armed ICE officials entered the premises with guns aimed at him. Pet. ¶ 20. The officers told Mr. Hernandez Ojeda to put his hands up, grabbed him, and threw him to the ground, injuring his chin and shoulder. *Id.* ¶ 20. They placed him in handcuffs, without asking him any questions, and took his phone and wallet from his pockets. *Id.* ¶¶ 20-21. After approximately ten minutes, they lifted him from the ground and placed him in an ICE vehicle. *Id.* ¶ 21. ICE officers then drove him to a parking lot in Conshohocken where they shackled his waist and feet. *Id*. They did not present him with a warrant during the encounter. *Id.* Mr. Hernandez Ojeda is currently detained at the Federal Detention Center (FDC) in Philadelphia.

Mr. Hernandez Ojeda filed a habeas petition on October 5, 2026 seeking a writ of habeas corpus directing the government to immediately release him. Pet. 26, ECF No. 1. He argues his arrest and detention without a warrant or any individualized custody determination violates due process. The Government detained Mr. Hernandez Ojeda under 8 U.S.C. § 1226(a), which it argues gives the Government discretion to detain an individual who has been charged as removable. Gov't's Resp. 3, ECF No. 4. The Government argues there are no constraints on its discretion to detain a noncitizen pursuant to § 1226(a), and so it may arbitrarily stop and detain individuals

suspected of being inadmissible or deportable without any individualized determination. Further, the Government argues Mr. Hernandez Ojeda cannot seek relief in this Court, but instead he must exhaust administrative remedies by seeking relief through an administrative custody redetermination. *Id.*

**LEGAL STANDARD**

A federal district court may grant habeas relief to a petitioner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas is "regularly invoked on behalf of noncitizens, particularly in the immigration context." *I.N.S. v. St. Cyr*, 533 U.S. 289, 305 (2001). A petitioner seeking habeas relief has the burden to demonstrate that they are being detained in violation of the Constitution or federal law. See *Walker v. Johnston*, 312 U.S. 275, 286–87 (1941).

Habeas petitioners are normally required to exhaust administrative remedies. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 1996). However, exhaustion may be excused when it would be futile or where "the actions of the agency clearly and unambiguously violate statutory or constitutional rights." *See Lyons v. U.S. Marshals,* 840 F. 2d 202, 205 (3d Cir. 1988).[1] This Court

---

[1] The Government acknowledges Petitioner cannot attend his scheduled bond hearing while detained at FDC Philadelphia because that facility does not facilitate virtual hearings for ICE detainees. A remedy that exists only if ICE elects to make it accessible is not an available remedy Petitioner must exhaust. *See Dos Reis*, 2026 WL 1746649 at *3 (citing *Gowen v. Winfield*, 130 F.4th 162, 176 (4th Cir. 2025), in which the court concluded that, "in the context of the PLRA, an administrative remedy is considered unavailable if a prisoner, through no fault of his own, was prevented from availing himself of it." (internal quotation marks omitted)).

Although courts in this district are divided on this issue, several judges in this district have agreed that exhaustion is excused in cases such as this. *See Sagbay v. Jamison*, No. 26-cv-7265, 2026 WL 2875765 (E.D. Pa. Sept. 24, 2026) (Rufe, J.); *Dzehtisarou v. Mullin*, No. 26-cv-5060, 2026 WL 2211392 (E.D. Pa. July 31, 2026) (Rufe, J.); *Hernandez v. Blanche*, No. 26-6195, 2026 WL 2569475 (E.D. Pa. Aug. 31, 2026) (Perez, J.); *Perez Angeles v. Mullin*, No. 26-cv-7167, Order (E.D. Pa. Sept. 22, 2026) (Kearney, J.); *Torres Guevara v. Warden of Fed. Det. Ctr. Phila.*, No. 26-cv-7077, 2026 WL 2838542 (E.D. Pa. Sept. 22, 2026) (Savage, J.).

previously held administrative exhaustion was not required where, as here, the petitioner contests the legality of their initial deprivation of liberty, or where the administrative remedy is not presently available. *Dos Reis*, 2026 WL 1746649 at *3.

The Due Process Clause "applies to all 'persons' within the United States, including [noncitizens]" in removal proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *see also Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 211 (3d Cir. 2017) ("The Fifth Amendment protects the liberty of all persons within our borders, including aliens in immigration proceedings who are entitled to due process of law[.]"). In the civil immigration detention context, due process requires procedures reasonably calculated to avoid erroneous deprivation of liberty. *See Mathews v. Eldridge*, 424 U.S. 319, 333-35 (1976). Under *Mathews*, the Court balances: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

**DISCUSSION**

This Court and others in this District have already resolved the issues in this case against the Government: (1) whether a district-court habeas petition is the appropriate avenue for redress,[2] (2) whether section 1226(a) of the INA requires a warrant, and (3) whether § 1226(a) requires ICE to conduct an individualized determination of flight risk or dangerousness. The Government

---

[2] This Court has consistently rejected that petitioners must exhaust administrative avenues for relief in these cases and continues to do so now. *See Dos Reis*, 2026 WL 1746649; *Perez Contreras v. Rife*, No. 26-cv-7358, 2026 WL 2908610 (E.D. Pa. Sept. 28, 2026); *Laphachi v. Jamison*, No. 26-cv-7211, 2026 WL 2959610 (E.D. Pa. Oct. 1, 2026).

acknowledges courts in this District, including this Court, have rejected its interpretation, though it continues to press that position here. Gov't's Resp. 2, ECF No. 4.

The Government argues Mr. Hernandez Ojeda is lawfully detained under 8 U.S.C. § 1226(a), which permits the Attorney General to arrest and detain a non-citizen pending a decision on their removal. However, the statute authorizes ICE to arrest and detain a noncitizen "*[o]n a warrant* issued by the Attorney General." 8 U.S.C. § 1226(a) (emphasis added). The regulation provides: "At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody *under the authority of Form I–200, Warrant of Arrest.*" 8 C.F.R. § 236.1(b)(1). Courts have interpreted these regulations to require a warrant that is signed by an authorized immigration officer who has probable cause to believe the named noncitizen is removable. *See Tabora-Brizuela v. Mullin*, No. 26-7010, 2026 WL 2908095, at *1 (E.D. Pa. Sept. 28, 2026); *Hernandez v. Blanche*, No. 26-6195, 2026 WL 2569475, at *3 (E.D. Pa. Aug. 31, 2026); *N.S. v. Dixon,* 141 F.4th 279, 282-83 (D.C. Cir. 2025); *Sergio P. v. Bondi*, No. 26-1538, 2026 WL 497290, at *2 (D. Minn. Feb. 23, 2026). Judges in this district have agreed Section 1226(a) requires a warrant for arrest and detention. *Juarez v. Mullin*, No. 26-cv-7008, 2026 WL 2981947, at *2 (E.D. Pa. Oct. 5, 2026) (citing *Hernandez*, 2026 WL 2569475, at *3 (collecting cases)).

Under Section 1357(a)(2), ICE make a warrantless arrest if they can demonstrate "probable cause." *Tabora-Brizuela*, 2026 WL 2908095, at *2 (quoting *Lee v. Immigr. & Naturalization Serv.*, 590 F.2d 497, 500 (3d Cir. 1979)); *see also* 8 U.S.C. § 1357(a)(2) (authorizing an ICE officer to arrest a noncitizen without a warrant where "he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest . . ."). Here, ICE agents did not have probable cause to arrest

Mr. Hernanez Ojeda without a warrant. ICE officers were executing an arrest warrant for a different individual when they encountered Mr. Hernandez Ojeda at his work. Gov't's Resp. 3, ECF No. 4. They had no information to suggest Mr. Hernandez would be "likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2).

Because the Government has detained Mr. Hernandez Ojeda under Section 1226(a), he is entitled to the "process due under that statute,. . . which in this case required a warrant before arrest." *Tabora-Brizuela,* 2026 WL 2908095, at *3. The *Matthews* factors weigh in Mr. Hernandez Ojeda's favor. First, Mr. Hernandez has a clear liberty interest in being free from detention. Second, there is a significant "risk of erroneous deprivation," when ICE detains an individual without a warrant as is required by Section 1226(a) or without the probable cause necessary to support a warrantless arrest under Section 1357(a)(2). *See Id.* at *4; *see also Torres Guevara v. Warden of Fed. Det. Ctr. Phila.,* No. 26-7077, 2026 WL 2838542, at *4 (E.D. Pa. Sept. 22, 2026). As to the third *Matthews* factor, the Government has an interest in enforcing immigration laws. However, ICE must abide by the statute and regulations when they are enforcing immigration laws, and requiring ICE to do so is not a burden on the Government. Therefore, Mr. Hernandez Ojeda's detention pursuant to a warrantless arrest that lacked probable cause violates the INA, which is "grounds for habeas relief." *Tabora-Brizuela,* 2026 WL 2908095, at *3.

Lastly, in *Dos Reis,* this Court held that § 1226(a) provides discretion to detain or release a noncitizen while their removal decision is pending, but the agency must exercise that discretion through an individualized custody determination. 2026 WL 1746649, at *4. This Court found the first and second *Matthews* factors weighed in favor of the petitioner because freedom from physical confinement "lies at the heart of the liberty that [the Due Process] Clause protects," *Zadvydas*, 533 U.S. at 690, and the risk of erroneous deprivation is high when ICE detains a person

without identifying why *that* person presents a danger or flight risk. The last *Matthews* factor, the Government's legitimate interest in ensuring appearance at removal proceedings or protecting the community, does not outweigh the petitioner's liberty interest, especially where the Government fails to articulate why its interest in detention applies to the individual petitioner. *Dos Reis,* 2026 WL 1746649, at *5.

While the Third Circuit has not ruled on this specific issue, its recent opinion in *Buele Morocho* only bolsters this Court's previous determination that detention without an individualized determination violates due process. *See* 2026 WL 2546223, at *9 (holding (1) "mandatory detention implicates Petitioners' 'constitutionally protected interest in avoiding physical restraint'"; (2) "the absence of an opportunity for a neutral decisionmaker to assess whether Petitioners are dangerous or flight risks presents a high risk of erroneously depriving Petitioners of their liberty interest"; and (3) "the Government's legitimate interest in preventing the release of dangerous noncitizens and those who might fail to appear at future hearings does not outweigh the other two factors here" (internal citations omitted)); *see also Regalado-Nauta v. Jamison*, No. 26-cv-6834, 2026 WL 2740528, at *3 (E.D. Pa. Sept. 16, 2026).

The record does not reflect that ICE made an individualized finding concerning Mr. Hernandez Ojeda's detention. The Government has produced a Form I-862 Notice to Appear which identifies Mr. Hernandez Ojeda as "an alien present in the United States who has not been admitted or paroled." *See* Gov't's Ex. A, ECF No. 4-1. Additionally, the Government has produced a Form I-200 Warrant for Arrest of Alien, notably dated after Mr. Hernandez Ojeda was arrested, which cites as probable cause for his arrest the "execution of a document to initiate removal proceedings against the subject," as well as voluntary statements made by the Petitioner that demonstrate he "either lacks immigration status or notwithstanding such status is removable under

U.S. immigration law." Gov't's Ex. C, ECF No. 4-3. The Government also produced a Form I-286 Notice of Custody Determination which indicates that "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of Title 8, Code of Federal Regulations, I have determined that, pending a final administrative determination in your case, you will be… [d]etained by the Department of Homeland Security." Gov't's Ex. B, ECF No. 4-2. Lastly, the Form I-213 Record of Deportable/Inadmissible Alien indicates Mr. Hernandez Ojeda has no known criminal record nor does he have any outstanding wants or warrants, but that he is "subject to President Donald Trump's Executive Order titled, 'Protecting the American People Against Invasion.'" Gov't Ex. D, ECF No. 4-4. No other grounds for detention were cited in any of the documents provided to this Court. As the Court explained in *Dos Reis*, "[t]hat is not an individualized custody determination." 2026 WL 1746649 at *4. "It is a categorical detention disposition." *Id.*

Because Mr. Hernandez Ojeda's present detention without an individualized determination contravenes the Due Process Clause of the Fifth Amendment, his current detention is unlawful, and he shall be immediately released.

**CONCLUSION**

Accordingly, because exhaustion is excused, because ICE did not have a warrant to detain Mr. Hernandez Ojeda, and because ICE did not make an individualized custody determination before detaining Mr. Hernandez Ojeda under § 1226(a), in violation of his due process rights, the Court will grant Mr. Hernandez Ojeda's Petition for a Writ of Habeas Corpus. An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.